INTERSTATE COMMERCE COMMISSION v. NASHVILLE, C. & ST. L. RY. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. February 24, 1903.)

No. 1,199.

1. CARRIERS—UNREASONABLE RATES—EVIDENCE TO ESTABLISH.

   A finding that the rates charged by railroads for shipments to a particular point are unreasonable in themselves, and in violation of section 1 of the interstate commerce act (24 Stat. 379 [U. S. Comp. St. 1901, p. 3154]), cannot properly be based on evidence which only tends to show that they are too high as compared with the rates charged between the initial points and one or two other points.

2. SAME—PREFERENCE BETWEEN LOCALITIES.

   The same evidence which warrants a finding that dissimilar circumstances and conditions exist which justify a lower rate for a longer haul to one point than for a shorter haul to another also establishes that the charging of such rates does not give one point an undue preference and advantage over the other, in violation of section 3 of the interstate commerce act (24 Stat. 380 [U. S. Comp. St. 1901, p. 3155]).

Appeal from the Circuit Court of the United States for the Southern District of Florida.

J. N. Stripling and L. A. Shaver, for appellant.
Ed. Baxter, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. The Interstate Commerce Commission found that, on account of dissimilar circumstances and conditions, the appellees were justified in charging more for the short haul from St. Louis, Nashville, and Chattanooga, and over the Georgia Southern & Florida Railway Company, to Hampton, Fla., than for the longer haul from the same initial points over the same lines to Palatka, Fla. This conclusion of the commission seems to be warranted by the evidence before the commission, and there is nothing in the additional evidence taken in the Circuit Court to justify finding a different result. This leaves it clear that in the matters complained of the appellees are not violating the fourth section of the interstate commerce act (24 Stat. 380 [U. S. Comp. St. 1901, p. 3155]).

The bill in this case charges that the rates charged by the appellees on goods shipped from St. Louis and Tennessee points to Hampton, Fla., are unreasonably high in themselves, in violation of section 1 of the act to regulate commerce (24 Stat. 379 [U. S. Comp. St.

1901, p. 3154]). As we read the opinion of the commission, filed as an exhibit to the bill, the commission did not find that the Hampton rates were in and of themselves unreasonable, but found argumentatively that they were too high, not as based upon the matters to be considered in determining such questions, as pointed out in United States v. Freight Association, 166 U. S. 331, 17 Sup. Ct. 540, 41 L. Ed. 1007, and Smyth et al. v. Ames et al., 169 U. S. 546, 547, 18 Sup. Ct. 418, 42 L. Ed. 819, but largely upon a consideration of rates and charges between St. Louis, Nashville, and Chattanooga, and Jacksonville and Palatka, Fla. The evidence submitted to the commission, supplemented by evidence taken in the Circuit Court, is not sufficient for us to find affirmatively that the Hampton rates were in and of themselves unreasonable. The commission furnishes the authority for the proposition that with regard to the exaction of unreasonable rates the burden of proof is on the complainant. See Harding v. C., St. P., M. & O. R. Co., 1 I. C. Rep. 104; Brewer v. L. & N. R. R. Co, 7 I. C. Rep. 234. Certainly, the complainant has failed in this instance to prove that the Hampton rates were in violation of the first section of the interstate commerce act.

The bill also charges that the Hampton rates are in violation of section 3 of the commerce act (24 Stat. 380 [U. S. Comp. St. 1901, p. 3155]), in that said rates, taken in connection with the rates of the appellees from the same Northern points to Palatka, Fla., give said Palatka an undue preference and advantage over said Hampton, and subject said Hampton to an undue prejudice through this advantage. The basis of this complaint is that goods shipped from St. Louis and Tennessee points to Palatka can be thereafter shipped by Palatka merchants to Hampton, and there sold on an equal footing with the same goods shipped from St. Louis and Tennessee points direct to Hampton, thus enabling the Palatka merchants to compete in Hampton with the Hampton merchants; while the rates as charged will not allow the Hampton merchants to ship goods from St. Louis and Tennessee points to Hampton, and from there to Palatka, to compete in Palatka on the same footing with Palatka merchants. In other words, it is charged as a duty of the Georgia, Florida & Southern Railway Company, the terminal carrier, to make such rates to Hampton and Palatka as will enable the Hampton merchants to compete in Palatka with Palatka merchants dealing in Western goods; but it must not be forgotten that the rates to Palatka, which is a competitive point, are made by other carriers with through lines which are not parties to this suit. The fallacy involved is that Hampton, which is an inland place with no natural advantages, shall be put upon the same footing as Palatka, which is situated upon a stream navigable all the year round, and has, in addition, several through railroad connections. It seems to be clear that the same reasons, in which we concur, which justify the commission in finding that the defendant carriers can lawfully charge more for the short haul to Hampton than the long haul to Palatka over the same line, sufficiently answer this charge of discrimination.

The decree of the Circuit Court is affirmed.